# EXHIBIT C

Exhibit C

11/18/2019 4:14 PM
Marilyn Burgess - District Clerk Harris County
Envelope No. 38591636
By: Joshua Carroll
Filed: 11/18/2019 4:14 PM

CAUSE NO. _____

| | | |
|---|---|---|
| ROBERT SMITH, | § | IN THE JUDICIAL COURT OF |
| | § | |
| Plaintiff, | § | |
| | § | |
| V. | § | |
| | § | HARRIS COUNTY, TEXAS |
| ALLSTATE TEXAS LLOYD'S AND MARK | § | |
| CURTIS HENDON II, | § | |
| | § | |
| | § | |
| Defendants. | § | DISTRICT COURT |

## PLAINTIFF'S ORIGINAL PETITION, JURY DEMAND,
### AND REQUEST FOR DISCLOSURE

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW, Robert Smith, ("Plaintiff"), and files **Plaintiff's Original Petition, Jury Demand, and Request for Disclosure**, complaining of Allstate Texas Lloyd's ("Allstate") and Mark Curtis Hendon II ("Hendon") (or collectively "Defendants") and for cause of action, Plaintiff respectfully shows the following:

### DISCOVERY CONTROL PLAN

1.  Plaintiff intends to conduct discovery under Level 3, Texas Rules of Civil Procedure 190.4 and 169.

### PARTIES

2.  Plaintiff, Robert Smith, resides in Harris County County, Texas.

3.  Defendant, Allstate Texas Lloyd's, is an insurance company engaged in the business of insurance in the State of Texas. Plaintiff requests service of citation upon Allstate Texas Lloyd's through its registered agent for service: **CT Corporation System, 1999 Bryan Street, Suite 900, Dallas, Texas 75201-3136**. Plaintiff requests service at this time.

4.  Defendant Mark Curtis Hendon II is an individual resident of Shenandoah, Texas. Hendon

may be served with citation at the address listed with the Texas Department of Insurance**:**

**742 Thornwood Drive, Shenandoah, Texas 77381-1050**.  Plaintiff requests service at this time.

## JURISDICTION

5.      The Court has jurisdiction over Allstate because this Defendant engages in the business of insurance in the State of Texas, and the causes of action arise out of Allstate's business activities in the state, including those in Harris County County, Texas, with reference to this specific case.

6.      The Court has jurisdiction over Hendon because this Defendant engages in the business of adjusting insurance claims in the State of Texas, and the causes of action arise out of this Defendant's business activities in the State of Texas, including those in Harris County County, Texas, with reference to this specific case.

## VENUE

7.      Venue is proper in Harris County, Texas because the insured property is located in Harris County, Texas, and all or a substantial part of the events giving rise to this lawsuit occurred in Harris County, Texas.  TEX. CIV. PRAC. & REM. CODE § 15.032.

## FACTS

8.      Plaintiff asserts claims for fraud, breach of contract, violations of sections 541 and 542 of the Texas Insurance Code, and violations of the Texas DTPA.

9.      Plaintiff owns an Allstate Texas Lloyd's homeowner's insurance policy, number 216827538 ("the Policy").   At all relevant times, Plaintiff owned the insured premises located at 16102 Chasemore Drive, Spring, TX 77379 ("the Property").

10.     Allstate or its agent sold the Policy, insuring the Property, to Plaintiff.  Allstate or its agent

represented to Plaintiff that the Policy included wind and hailstorm coverage for damage to Plaintiff's home.  Allstate has refused the full extent of that coverage currently owed to Plaintiff.

11.     On or about May 9, 2019, the Property sustained extensive damage resulting from a severe storm that passed through the Spring, Texas area.

12.     In the aftermath of the wind and hailstorm, Plaintiff submitted a claim to Allstate against the Policy for damage to the Property.   Allstate assigned claim number 0555680123 to Plaintiff's claim.

13.     Plaintiff asked Allstate to cover the cost of damage to the Property pursuant to the Policy.

14.     Damaged areas of the property include, but are not limited to, the roof, vents, flashings, windows, gutters and downspouts.

15.     Allstate assigned or hired Mark Hendon to adjust the claim.

   a.   Hendon had a vested interest in undervaluing the claims assigned to him by Allstate in order to maintain his employment. Hendon found no damage in his report. When comparing Hendon's report to the report of Plaintiff's Third-Party Adjuster's, there is a sharp disparity in the number of items damaged. This disparity is evidence of fraud on the part of Hendon. The zero valuation of damages that were included in Hendon's report compared to Plaintiff's Third-Party Adjuster's is also evidence of fraud on the part of Hendon.

   b.   Furthermore, Hendon was aware of Plaintiff's deductible before visiting the Property to conduct the inspection. Hendon had advanced knowledge of what amount of damages he needed to find in order to either deny the claim or find the claim below the deductible.

3

c.  Hendon made misrepresentations as to the amount of damage Plaintiff's Property sustained as well as misrepresentations regarding how much it would cost to repair the damage to Plaintiff's Property.

d.  Hendon made further misrepresentations to Plaintiff during his inspection. Hendon used his expertise to fabricate plausible explanations for why visible damage to Plaintiff's Property would not be covered under the policy. Such misrepresentations include damage to the Property owing from wear and tear, damage from a previous claim, and damage of a type not consistent with the type of claim that was made.

16.  Allstate, through its agents, namely Hendon, conducted a substandard and improper inspection and adjustment of the Property, which yielded grossly inaccurate and unrealistic assessments of the cause, extent, and dollar amount of damage to the Property.

17.  Hendon found that there was no damage from a covered peril to the roof of the property.

18.  After application of the policy deductible, Plaintiff was left without adequate recovery to complete proper repairs on Plaintiff's home.

19.  To date, Plaintiff has received $0.00 for damage to Plaintiff's Property. The damage to Plaintiff's Property is currently estimated at $123,853.26.

20.  Since due demand was made on September 16, 2019, Allstate has not communicated that any future settlements or payments would be forthcoming to pay for the entire loss covered under the Policy, nor did it provide any explanation for failing to settle Plaintiff's claim properly.

21.  As stated above, Defendants failed to assess the claim thoroughly. Based upon Defendants' grossly unreasonable, intentional, and reckless failure to investigate and adjust the claim

4

properly, Allstate failed to provide full coverage due under the Policy.

22.   As a result of Allstate's failure to provide full coverage, along with Allstate's delay tactics to avoid reasonable payment to Plaintiff, Plaintiff has suffered damages.

23.   Allstate failed to perform its contractual duties to Plaintiff under the terms of the Policy. Specifically, Allstate refused to pay the full proceeds of the Policy, although due demand was made for an amount sufficient to cover repairs to the damaged Property, and all conditions precedent to recover upon the Policy were accomplished by Plaintiff.

24.   Defendants' misrepresentations, unreasonable delays, and continued denials constitute a breach of the statutory obligations under Chapters 541 and 542 of the Texas Insurance Code.  Thus, the breach of the statutory duties constitutes the foundation of a breach of the insurance contract between Allstate and Plaintiff.

25.   Defendants' conduct constitutes a violation of the Texas Insurance Code, Unfair Settlement Practices.  TEX. INS. CODE §541.060(a)(1).  Defendants have not attempted to settle Plaintiff's claim in a fair manner, even though Defendants were aware of their liability to Plaintiff under the Policy.  Specifically, Defendants have failed to timely pay Plaintiff's coverage due under the Policy.

26.   Defendants' conduct constitutes a violation of the Texas Insurance Code, Unfair Settlement Practices.  TEX. INS. CODE §541.060(a)(2)(A).  Defendants failed to provide Plaintiff a reasonable explanation for not making the full payment under the terms of the Policy.

27.   Defendants' conduct constitutes a violation of the Texas Insurance Code, Unfair Settlement Practices.  TEX. INS. CODE §541.060(a)(4).  Defendants refused to provide full coverage due to Plaintiff under the terms of the Policy.  Specifically, Allstate, through its agents, servants, and representatives, namely Hendon, performed an outcome-oriented

5

investigation of Plaintiff's claim, which resulted in a biased, unfair, and inequitable evaluation of Plaintiff's losses on the Property.

28. Defendants' conduct constitutes a violation of the Texas Insurance Code, Prompt Payment of Claims.  TEX. INS. CODE §542.055.  Defendants failed to reasonably accept or deny Plaintiff's full claim within the statutorily mandated time after receiving all necessary information.

29. Defendants' conduct constitutes a violation of the Texas Insurance Code, Prompt Payment of Claims.  TEX. INS. CODE §542.056.  Defendants failed to meet their obligations under the Texas Insurance Code regarding timely payment of the claim.  Specifically, Defendants have delayed payment of Plaintiff's claim longer than allowed, and Plaintiff has not received full payment for the claim.

30. Defendants' wrongful acts and omissions forced Plaintiff to retain the professional services of the attorneys and law firm representing them with respect to these causes of action.

## CAUSES OF ACTION AGAINST DEFENDANT ALLSTATE TEXAS LLOYD'S

### BREACH OF CONTRACT

31. All allegations above are incorporated herein.

32. Allstate is liable to Plaintiff for intentional violations of the Texas Insurance Code, and intentional breach of the common-law duty of good faith and fair dealing.  It follows, then, that the breach of the statutory duties constitutes the foundation of an intentional breach of the insurance contract between Allstate and Plaintiff.

6

33.     Allstate's failure and/or refusal to pay adequate coverage as obligated under the terms of the Policy, and under the laws of the State of Texas, constitutes a breach of the insurance contract with Plaintiff.

## NONCOMPLIANCE WITH THE TEXAS INSURANCE CODE: UNFAIR SETTLEMENT PRACTICES

34.     All allegations above are incorporated herein.

35.     Allstate's conduct constitutes multiple violations of the Texas Insurance Code, Unfair Settlement Practices.  TEX. INS. CODE §541.060(a).  All violations under this article are actionable by TEX. INS. CODE §541.151.

36.     Allstate's unfair settlement practice of misrepresenting to Plaintiff material facts relating to coverage constitutes an unfair method of competition and a deceptive act or practice in the business of insurance.  TEX. INS. CODE §541.060(a)(1).

37.     Allstate's unfair settlement practice of failing to attempt in good faith to make a prompt, fair, and equitable settlement of the claim, even though liability under the Policy was reasonably clear, constitutes an unfair method of competition and a deceptive act or practice in the business of insurance.  TEX. INS. CODE §541.060(a)(2)(A).

38.     Allstate's unfair settlement practice of failing to provide Plaintiff a prompt and reasonable explanation of the basis in the Policy, in relation to the facts or applicable law, for denial of the claim, constitutes an unfair method of competition and a deceptive act or practice in the business of insurance.  TEX. INS. CODE §541.060(a)(3).

39.     Allstate's unfair settlement practice of failing within a reasonable time to affirm or deny coverage of the claim to Plaintiff constitutes an unfair method of competition and a deceptive act or practice in the business of insurance.  TEX. INS. CODE §541.060(a)(4).

40.     Allstate's unfair settlement practice of refusing to pay Plaintiff's claim without conducting

a reasonable investigation constitutes an unfair method of competition and a deceptive act

or practice in the business of insurance.  TEX. INS. CODE §541.060(a)(7).

## NONCOMPLIANCE WITH THE TEXAS INSURANCE CODE:
## THE PROMPT PAYMENT OF CLAIMS

41.     All allegations above are incorporated herein.

42.     Allstate's conduct constitutes multiple violations of the Texas Insurance Code, Prompt

Payment of Claims.  All violations made under this article are actionable by TEX. INS.

CODE §542.060.

43.     Allstate's failure to notify Plaintiff in writing of its acceptance or rejection of the full claim

within the applicable time constraints constitutes a non-prompt payment in violation of

TEX. INS. CODE §542.056.

44.     Allstate's delay in paying Plaintiff's claim following receipt of all items, statements, and

forms reasonably requested and required, for longer than the amount of time provided,

constitutes a non-prompt payment of the claim.  TEX. INS. CODE §542.058.

## BREACH OF THE DUTY OF GOOD FAITH AND FAIR DEALING

45.     All allegations above are incorporated herein.

46.     Allstate's conduct constitutes a breach of the common-law duty of good faith and fair

dealing owed to an insured in insurance contracts.

47.     Allstate's failure to adequately and reasonably investigate and evaluate Plaintiff's claim,

although, at that time, Allstate knew or should have known by the exercise of reasonable

diligence that liability was reasonably clear, constitutes a breach of the duty of good faith

and fair dealing.

8

## DTPA VIOLATIONS

48.   All allegations above are incorporated herein.

49.   Allstate's conduct constitutes multiple violations of the Texas Deceptive Trade Practices Act ("DTPA"), TEX. BUS. & COM. CODE 17.41–63.  Plaintiff is a consumer of goods and services provided by Allstate pursuant to the DTPA.  Plaintiff has met all conditions precedent to bringing this cause of action against Allstate.   Specifically, Allstate's violations of the DTPA include, without limitation, the following matters:

A.   By its acts, omissions, failures, and conduct, Allstate has violated sections 17.46(b)(2), (5), (7), (9), (12), (20) and (24) of the DTPA.  Allstate's violations include without limitation, (1) unreasonable delays in the investigation, adjustment, and resolution of Plaintiff's claim, (2) failure to give Plaintiff the benefit of the doubt, and (3) failure to pay for the proper repair of Plaintiff's property when liability has become reasonably clear, which gives Plaintiff the right to recover under section 17.46(b)(2).

B.   Allstate represented to Plaintiff that the Policy and Allstate's adjusting, and investigative services had characteristics or benefits that they did not possess, which gives Plaintiff the right to recover under section 17.46(b)(5) of the DTPA.

C.   Allstate also represented to Plaintiff that the Policy and Allstate's adjusting services were of a particular standard, quality, or grade when they were of another, in violation of section 17.46(b)(7) of the DTPA.

D.   Furthermore, Allstate advertised the Policy and adjusting services with the intent not to sell them as advertised, in violation of section 17.46(b)(9) of the DTPA.

9

E.  Allstate breached an express warranty that the damages caused by wind and hail would be covered under the Policy.  This breach entitles Plaintiff to recover under sections 17.46(b)(12) and (20) and 17.50(a)(2) of the DTPA.

F.  Allstate's actions are unconscionable in that Allstate took advantage of Plaintiff's lack of knowledge, ability, and experience to a grossly unfair degree.  Allstate's unconscionable conduct gives Plaintiff a right to relief under section 17.50(a)(3) of the DTPA; and

G.  Allstate's conduct, acts, omissions, and failures, as described in this petition, are unfair practices in the business of insurance in violation of section 17.50(a)(4) of the DTPA.

50. Each of the above-described acts, omissions, and failures of Allstate is a producing cause of Plaintiff's damages.  All of the above-described acts, omissions, and failures were committed "knowingly" and "intentionally," as defined by the Texas Deceptive Trade Practices Act.

**FRAUD**

51. All allegations above are incorporated herein.

52. Allstate is liable to Plaintiff for common-law fraud.

53. Each and every misrepresentation described above concerned material facts that absent such representations, Plaintiff would not have acted as Plaintiff did, and Allstate knew its representations were false or made recklessly without any knowledge of their truth as a positive assertion.

10

54. Allstate made the statements intending that Plaintiff act upon them.  Plaintiff then acted in reliance upon the statements, thereby causing Plaintiff to suffer injury constituting common-law fraud.

### CAUSES OF ACTION AGAINST DEFENDANT MARK CURTIS HENDON II

### NONCOMPLIANCE WITH THE TEXAS INSURANCE CODE: UNFAIR SETTLEMENT PRACTICES

55. All allegations above are incorporated herein.

56. Hendon's conduct constitutes multiple violations of the Texas Insurance Code, Unfair Claim Settlement Practices Act.  TEX. INS. CODE §541.060(a).

57. Hendon is individually liable for his unfair and deceptive acts, irrespective of the fact that he was acting on behalf of Allstate, because Hendon is a "person," as defined by TEX. INS. CODE §541.002(2).

58. Hendon knowingly underestimated the amount of damage to the Property.   As such, Hendon failed to adopt and implement reasonable standards for the investigation of the claim arising under the Policy.  TEX. INS. CODE §542.003(3).

59. Furthermore, Hendon did not attempt in good faith to affect a fair, prompt, and equitable settlement of the claim.  TEX. INS. CODE §542.003(4).

60. Hendon's unfair settlement practice of failing to provide Plaintiff a prompt and reasonable explanation of the basis in the Policy, in relation to the facts or applicable law, for partial denial of the claim, also constitutes an unfair method of competition and an unfair and deceptive act or practice.  TEX. INS. CODE §541.060(a)(3).

61. Hendon's unfair settlement practice of failing to attempt in good faith to make a prompt, fair, and equitable settlement of the claim, even though liability under the Policy was

reasonably clear, constitutes an unfair method of competition and a deceptive act or practice in the business of insurance.  TEX. INS. CODE §541.060(a)(2)(A).

## DTPA VIOLATIONS

62.   All allegations above are incorporated herein.

63.   Hendon's conduct constitutes multiple violations of the Texas Deceptive Trade Practices Act ("DTPA"), TEX. BUS. & COM. CODE 17.41–63.  Plaintiff is a consumer of goods and services provided by Hendon pursuant to the DTPA.  Plaintiff has met all conditions precedent to bringing this cause of action against Hendon.  Specifically, Hendon's violations of the DTPA include the following matters:

A.   By this Defendant's acts, omissions, failures, and conduct, Hendon has violated sections 17.46(b)(2), (5), and (7) of the DTPA.  Hendon's violations include, (1) failure to give Plaintiff the benefit of the doubt, and (2) failure to write up an estimate reflecting the proper repair of Plaintiff's Property when liability has become reasonably clear, which gives Plaintiff the right to recover under section 17.46(b)(2).

B.   Hendon represented to Plaintiff that the Policy and his adjusting and investigative services had characteristics or benefits they did not possess, which gives Plaintiff the right to recover under section 17.46(b)(5) of the DTPA.

C.   Hendon represented to Plaintiff that the Policy and his adjusting services were of a particular standard, quality, or grade when they were of another, in violation of section 17.46(b)(7) of the DTPA.

D.   Hendon's actions are unconscionable in that Hendon took advantage of Plaintiff's lack of knowledge, ability, and experience to a grossly unfair degree.  Hendon's

unconscionable conduct gives Plaintiff a right to relief under section 17.50(a)(3) of the DTPA; and

E.     Hendon's conduct, acts, omissions, and failures, as described in this petition, are unfair practices in the business of insurance in violation of section 17.50(a)(4) of the DTPA.

64.   Each of Hendon's above-described acts, omissions, and failures is a producing cause of Plaintiff's damages.  All acts, omissions, and failures were committed "knowingly" and "intentionally" by Hendon, as defined by the Texas Deceptive Trade Practices Act.  TEX. BUS. & COM. CODE 17.45.

**FRAUD**

65.   All allegations above are incorporated herein.

66.   Allstate assigned or hired Hendon to adjust the claim.

a.     Hendon had a vested interest in undervaluing the claims assigned to him by Allstate in order to maintain his employment. Hendon found no damage in his report. When comparing Hendon's report to the report of Plaintiff's Third-Party Adjuster's, there is a sharp disparity in the number of items damaged. This disparity is evidence of fraud on the part of Hendon. The zero valuation of damages that were included in Hendon's report compared to Plaintiff's Third-Party Adjuster's is also evidence of fraud on the part of Hendon.

b.     Furthermore, Hendon was aware of Plaintiff's deductible before even visiting the Property to conduct the inspection. Hendon had advanced knowledge of what amount of damages he needed to find in order to either deny the claim or find the claim below the deductible.

13

c. Hendon made misrepresentations as to the amount of damage Plaintiff's Property sustained as well as misrepresentations regarding how much it would cost to repair the damage to Plaintiff's property.

d. Hendon made further misrepresentations to Plaintiff during his inspection. Hendon used his expertise to fabricate plausible explanations for why visible damage to Plaintiff's Property would not be covered under the policy. Such misrepresentations include damage to the Property owing from wear and tear, damage from a previous claim, and damage of a type not consistent with the type of claim that was made.

### NEGLIGENCE

67. All allegations above are incorporated herein.

68. Hendon was negligent in his actions with regard to his adjusting of Plaintiff's claim and violated the standard of care for an insurance adjuster licensed in the state of Texas. Those failures include one or more of the following acts or omissions:

a. Failure to conduct a reasonable inspection;

b. Failure to include covered damage that would be discovered as a result of reasonable inspection;

c. Failure to identify the proper cause and scope of the damage to Plaintiff's Property;

d. Failure to identify the cost of proper repairs to Plaintiff's Property; and

e. Failure to communicate to Plaintiff the reasons for specific determinations made regarding the inclusion or exclusion of damage to Plaintiff's Property.

69. Hendon's acts and/or omissions constitute negligence. His conduct was therefore a proximate cause of the damages sustained by Plaintiff.

70. At all relevant times, Hendon was an agent or employee of Defendant Allstate.

14

71. Hendon's unreasonable inspection was performed within the course and scope of his duties with Defendant Allstate. Therefore, Allstate is also liable for the negligence of Hendon through the doctrine of respondeat superior.

## GROSS NEGLIGENCE

72. All allegations above are incorporated herein.

73. Hendon's actions or omissions constitute gross negligence as defined in TEX. CIV. P. & REM. CODE § 41.001 (11)(A) and (B):

    a. Hendon's actions, when viewed objectively from the standpoint of the actor at the time of their occurrence involves an extreme degree of risk, considering the probability and magnitude of potential harm to Plaintiff; and

    b. Hendon had actual, subjective awareness of the risk involved but nevertheless proceeded with conscious indifference to the rights, safety, and/or welfare of Plaintiffs.

74. Hendon intentionally misrepresented the scope and amount of damages on the estimate prepared for Plaintiffs' Property on behalf of Allstate. His estimate was to such an extreme degree below what another licensed adjuster would have done in this situation (as evidenced by the Third-Party Adjuster's estimate); it was also in complete disregard for the risk and harm Plaintiff would suffer if the actual damages to the Property were allowed to persist unrepaired.

## KNOWLEDGE

75. Defendants made each of the acts described above, together and singularly, "knowingly," as defined in the Texas Insurance Code, and each was a producing cause of Plaintiff's damages described herein.

## WAIVER AND ESTOPPEL

76. Defendants waived and are estopped from asserting any coverage defenses, conditions, exclusions, or exceptions to coverage not contained in any reservation of rights letter to Plaintiff.

## DAMAGES

77. Since the claim was made, Allstate has not properly compensated Plaintiff for all necessary repairs, which are covered under the Policy. This has caused undue hardship and burden to Plaintiff. These damages are a direct result of Defendants' mishandling of Plaintiff's claim in violation of the laws set forth above.

78. Defendants made the above and other false representations to Plaintiff, either knowingly or recklessly, as a positive assertion, without knowledge of the truth. Defendants made these false misrepresentations with the intent that Plaintiff act in accordance with the misrepresentations. Plaintiff then relied on these misrepresentations, including but not limited to those regarding coverage and the cause and scope of damage. Plaintiff suffered damages as a result.

79. Plaintiff would show that all of the aforementioned acts, taken together or singularly, constitute the producing causes of damages sustained. The acts, omissions, failures, and conduct of Defendants have caused Plaintiff's damages, which include, without limitation, costs for all necessary repairs required to be made to Plaintiff's Property, and any investigative and engineering fees incurred.

80. For breach of contract, Plaintiff is entitled to regain the benefit of Plaintiff's bargain, which is the amount of Plaintiff's claim, consequential damages, together with attorney's fees.

81. The damage to Plaintiff's Property is currently estimated at $123,853.26.

82.     For noncompliance with the DTPA and Texas Insurance Code, Unfair Settlement Practices, Plaintiff is entitled to actual damages, which include the loss of the benefits owed pursuant to the Policy, court costs, and attorney's fees.  For knowing and intentional conduct of the acts described above, Plaintiff asks for three (3) times Plaintiff's actual damages.  TEX. INS. CODE §541.152 and TEX. BUS. & COM. CODE 17.50(B)(1).

83.     For noncompliance with Texas Insurance Code, Prompt Payment of Claims, Plaintiff is entitled to the amount of Plaintiff's claim, plus an eighteen percent (18%) per annum penalty on that claim, as damages, as well as pre-judgment interest and reasonable attorney's fees.  TEX. INS. CODE §542.060.

84.     For breach of the common-law duty of good faith and fair dealing, Plaintiff is entitled to compensatory damages, including all forms of loss resulting from Defendants' breach of duty, such as additional costs, economic hardship, losses due to nonpayment of money Allstate owed, and exemplary damages.

85.     Defendants' breach of the common-law duty of good faith and fair dealing was committed intentionally, with a conscious indifference to Plaintiff's rights and welfare, and with "malice," as that term is defined in Chapter 41 of the Texas Civil Practices and Remedies Code.  These violations are the type of conduct which the State of Texas protects its citizens against by the imposition of exemplary damages.  Therefore, Plaintiff seeks the recovery of exemplary damages in an amount determined by the finder of fact sufficient to punish Defendants for their wrongful conduct and to set an example to deter Defendants and others from committing similar acts in the future.

17

86.     For fraud, Plaintiff is entitled to recover actual and exemplary damages for knowingly fraudulent and malicious representations, along with attorney's fees, interest, and court costs.

87.     For the prosecution and collection of this claim, Plaintiff has been compelled to engage the services of the attorneys subscribed to this pleading.  Therefore, under Chapter 38 of the Texas Civil Practices and Remedies Code, sections 541 and 542 of the Texas Insurance Code, and section 17.50 of the DTPA, Plaintiff is entitled to recover a sum for the reasonable and necessary services of Plaintiff's attorneys in the preparation and trial of this action, including any appeals to the Court of Appeals and/or the Supreme Court of Texas.

88.     As required by Rule 47(b) of the Texas Rules of Civil Procedure, Plaintiff's counsel states that the damages sought are in an amount within the jurisdictional limits of this Court. As required by Rule 47(c)(4) of the Texas Rules of Civil Procedure, Plaintiff's counsel states that Plaintiff seeks only monetary relief of over $200,000 but not more than $1,000,000.00, including damages of any kind, penalties, costs, expenses, pre-judgment interest, and attorney fees. A jury will ultimately determine the monetary relief actually awarded, however.  Plaintiff also seeks pre-judgment and post-judgment interest at the highest legal rate.

**REQUESTS FOR DISCLOSURE**

89.     Under Texas Rules of Civil Procedure 190 and 194, Plaintiff requests that Defendants disclose, within fifty (50) days from the date this request is served, the information or material described in Rules 190.2(b)(6) and 194.2.

## JURY DEMAND

90.   Plaintiff hereby requests a jury trial for all causes of action alleged herein, tried before a
      jury consisting of citizens residing in Harris County County, Texas.   Plaintiff hereby
      tenders the appropriate jury fee.

## PRAYER

Plaintiff prays that Defendants, Allstate Texas Lloyd's and Mark Curtis Hendon II, be cited
and served to appear, and that upon trial hereof, Plaintiff,  Robert Smith, has and recovers from
Defendants, Allstate Texas Lloyd's and Mark Curtis Hendon II, such sums as would reasonably
and justly compensate Plaintiff in accordance with the rules of law and procedure, as to actual,
consequential, and treble damages under the Texas Insurance Code and Texas Deceptive Trade
Practices Act, and all punitive, additional, and exemplary damages, as may be found.  In addition,
Plaintiff requests the award of attorney's fees for the trial and any appeal of this case, for all costs
of Court expended on Plaintiff's behalf, for pre-judgment and post-judgment interest as allowed
by law; and for any other and further relief, at law or in equity, to which Plaintiff, Robert Smith,
may show Plaintiff is justly entitled.

Respectfully submitted,

By: /s/ *Chad T. Wilson*

CHAD T WILSON LAW FIRM PLLC
Chad T. Wilson
Bar No. 24079587
Amanda J. Fulton
Bar No. 24077283
455 East Medical Center Blvd., Suite 555
Webster, Texas 77598
Telephone: (832) 415-1432
Facsimile: (281) 940-2137
eservice@cwilsonlaw.com
cwilson@cwilsonlaw.com

Unofficial Copy Office of Marily Burgess District Clerk

afulton@cwilsonlaw.com

ATTORNEYS FOR PLAINTIFF

11/18/2019 4:14:17 PM
Marilyn Burgess - District Clerk
Harris County
Envelope No: 38591636
By: CARROLL, JOSHUA D
Filed: 11/18/2019 4:14:17 PM

# Marilyn Burgess –Harris County District Clerk

## Request for Issuance of Service

**CASE NUMBER:** _____  **CURRENT COURT:** _____

Name(s) of Documents to be served: **Plaintiff's Original Petition, Jury Demand and Request for Disclosure**

FILE DATE: **November 18, 2019**

SERVICE TO BE ISSUED ON (Please List Exactly As The Name Appears In The Pleading To Be Served):
Issue Service to:      **Allstate Texas Lloyds**
Address of Service:   **1999 Bryan Street, Suite 900**
City, State & Zip:      **Dallas, Texas 75201-3136**

Issue Service to:      **Mark Hendon**
Address of Service:   **742 Thornwood Drive**
City, State & Zip:      **Shenandoah, Texas 77381-1050**

Agent (if applicable)_____

**TYPE OF SERVICE/PROCESS TO BE ISSUED**: (Check the proper Box)

| | |
|---|---|
| ☒ **Citation**  ☐ **Citation by Posting**  ☐ **Citation by Publication** | ☐ **Citations Rule 106 Service** |

☐ **Citation Scire Facias**              **Newspaper**_____

☐ **Temporary Restraining Order**  ☐ **Precept**              ☐ **Notice**

☐ **Protective Order**

☐ **Secretary of State Citation ( $12.00)**  ☐ **Capias (not an E-Issuance)**  ☐ **Attachment**

☐ **Certiorari**              ☐ **Highway Commission ( $12.00)**

☐ **Commissioner of Insurance ($12.00)**  ☐ **Hague Convention ($16.00)**  ☐ **Garnishment**

☐ **Habeas Corpus**              ☐ **Injunction**              ☐ **Sequestration**

☐ **Subpoena**

☐ **Other (Please Describe)**_____

(See additional Forms for Post Judgment Service)

**SERVICE BY** *(check one)*:
☐ **ATTORNEY PICK-UP (phone)** _____  ☐ **CONSTABLE**
☐ **MAIL to attorney    at:**_____

☐ **CERTIFIED MAIL by District Clerk**    ☐ **E-Issuance by District Clerk** (No Service Copy Fees Charged)
(Note:) **CAPIAS is not an E-Issuance Option**
☒ **CIVIL PROCESS SERVER - Authorized Person to Pick-up: LDM Process Service**
**Phone: (469) 291-5005**

☒ **OTHER**, dbullock@cwilsonlaw.com

Issuance of Service Requested By: Attorney/Party Name: **Chad T. Wilson Law Firm, PLLC**

Bar # or ID: **24079587**

Mailing Address: **455 East Medical Center, Suite 555, Webster, Texas 77598**

Phone Number: **832-415-1432**

Unofficial Copy Office of Marilyn Burgess District Clerk

 

# MARILYN BURGESS

### HARRIS COUNTY DISTRICT CLERK

COPY OF PLEADING PROVIDED BY PLTD.

## Civil Process Pick-Up Form

## CAUSE NUMBER: 201983256

## ATY    CIV  X  COURT 164

| REQUESTING ATTORNEY/FIRM NOTIFICATION |
|---|
| **ATTORNEY: WILSON, CHAD TROY**          **PH: 832-415-1432** |
| **CIVIL PROCESS SERVER: LDM**          **PH: 469-291-5005** |
| **PERSON NOTIFIED SVC READY:** _____ <br> **DATE:** _____ |

Type of Service Document: _CITATION          Tracking Number 73697726
Type of Service Document: _____          Tracking Number _____
Type of Service Document: _____          Tracking Number _____
Type of Service Document: _____          Tracking Number _____
Type of Service Document: _____          Tracking Number _____
Type of Service Document: _____          Tracking Number _____
Type of Service Document: _____          Tracking Number _____

Process papers prepared by: *J. CARROLL*

Date: 11/19/19                              30 days waiting: 12/19/19

| Process papers released to: ___*William Oang*___ |
| (PRINT NAME) |
| _713-280-69__ |
| (CONTACT NUMBER)                    (SIGNATURE) |
| Process papers released to: ___*Iliaia*___ |
| (PRINT NAME) |
| (SIGNATURE) |
| Date: _11/20_, 2018  Time: _225_   AM / **PM** |

**RECORDER'S MEMORANDUM**
This instrument is of poor quality
at the time of imaging.

11/26/2019 11:55 AM
Marilyn Burgess - District Clerk Harris County
Envelope No. 38812571
By: Tiffany Jefferson
Filed: 11/26/2019 11:55 AM

COPY OF PLEADING PROVIDED BY LTD.

CAUSE NO. 201983256

RECEIPT NO.                      0.00    CIV
            *********       TR # 73697724

| | |
|---|---|
| PLAINTIFF: SMITH, ROBERT<br>          vs.<br>DEFENDANT: HENDON II, MARK CURTIS | In The  164th<br>Judicial District Court<br>of Harris County, Texas<br>164TH DISTRICT COURT<br>Houston, TX |

CITATION

THE STATE OF TEXAS
County of Harris

TO: ALLSTATE TEXAS LLOYDS BY SERVING ITS REGISTERED AGENT CT CORPORATION
SYSTEM
    1999  BRYAN STREET SUITE 900   DALLAS TX 75201 - 3136
    Attached is a copy of PLAINTIFFS ORIGINAL PETITION JURY DEMAND AND REQUEST FOR DISCLOSURE

This instrument was filed on the 18th day of November, 2019, in the above cited cause number
and court. The instrument attached describes the claim against you.

     YOU HAVE BEEN SUED, You may employ an attorney. If you or your attorney do not file a
written answer with the District Clerk who issued this citation by 10:00 a.m on the Monday
next following the expiration of 20 days after you were served this citation and petition,
a default judgment may be taken against you.

TO OFFICER SERVING:
     This citation was issued on 19th day of November, 2019, under my hand and
seal of said Court.

Issued at request of:
WILSON, CHAD TROY
455  EAST MEDICAL CENTER BLVD
SUITE 555
WEBSTER, TX  77598
Tel: (832) 415-1432
Bar No.: 24079587

MARILYN BURGESS, District Clerk
Harris County, Texas
201 Caroline, Houston, Texas 77002
(P.O. Box 4651, Houston, Texas 77210)
Generated By: CARROLL, JOSHUA DEMIAS
50V//11383843

OFFICER/AUTHORIZED PERSON RETURN

Came to hand at ___11___ o'clock _A_.M., on the _21_ day of _November_, _2019_.

Executed at (address) _1999 Bryan St. Ste 900 Dallas TX 75201_  in

_Dallas_ County at _11:30_ o'clock _A_.M., on the _21_ day of _November_,

_2019_, by delivering to _Allstate Texas Lloyd Syik registered agent_ defendant, in person, a
_CT Corporation System thru Kim Nightower_

true copy of this Citation together with the accompanying ____ copy(ies) of the Petition

attached thereto and I endorsed on said copy of the Citation the date of delivery.
To certify which I affix my hand officially this ____ day of _____, _____.

FEE: $ _75_

_____
               of _____ County, Texas

_DSC Koszty H0320_
Affiant                      By _____
                                        Deputy

On this day, _John Beaford Jr_, known to me to be the person whose
signature appears on the foregoing return, personally appeared. After being by me duly sworn,
he/she stated that this citation was executed by him/her in the exact manner recited on the
return.

SWORN TO AND SUBSCRIBED BEFORE ME, on this _22_ day of _November_, _2019_

_____
                    Notary Public

HEATHER L BORK
Notary Public, State of Texas
Comm. Expires 03-14-2021
Notary I. 129357186

*73697724*

12/3/2019 1:57 PM
Marilyn Burgess - District Clerk Harris County
Envelope No. 38930759
By: Tiffany Jefferson
Filed: 12/3/2019 1:57 PM

CAUSE NO. 201983256                                         COPY OF PLEADING PROVIDED BY PLTD.

RECEIPT NO.                          0.00      CIV
          **********                  TR # 73697726

| PLAINTIFF: SMITH, ROBERT | In The    164th |
| vs. | Judicial District Court |
| DEFENDANT: HENDON II, MARK CURTIS | of Harris County, Texas |
| | 164TH DISTRICT COURT |
| | Houston, TX |

### CITATION

THE STATE OF TEXAS
County of Harris

TO: HENDON II, MARK CURTIS
    742 THORNWOOD DRIVE   SHENANDOAH TX 77381 - 1050
    Attached is a copy of PLAINTIFFS ORIGINAL PETITION JURY DEMAND AND REQUEST FOR DISCLOSURE

This instrument was filed on the 18th day of November, 2019, in the above cited cause number
and court. The instrument attached describes the claim against you.

    YOU HAVE BEEN SUED, You may employ an attorney. If you or your attorney do not file a
written answer with the District Clerk who issued this citation by 10:00 a.m on the Monday
next following the expiration of 20 days after you were served this citation and petition,
a default judgment may be taken against you.

TO OFFICER SERVING:

    This citation was issued on 19th day of November, 2019, under my hand and
seal of said Court.

Issued at request of:                          MARILYN BURGESS, District Clerk
WILSON, CHAD TROY                              Harris County, Texas
455  EAST MEDICAL CENTER BLVD                  201 Caroline, Houston, Texas 77002
SUITE 555                                      (P.O. Box 4651, Houston, Texas 77210)
WEBSTER, TX  77598
Tel: (832) 415-1432                            Generated By: CARROLL, JOSHUA DEMIAS
Bar No.: 24079587                              50V//11383843

### OFFICER/AUTHORIZED PERSON RETURN

Came to hand at 2:25 o'clock P M., on the 20th day of November, 2019.

Executed at (address) 742 Thornwood Dr., Shenandoah, TX 77381 in

Montgomery County at 8:30 o'clock A.M., on the 23 day of November,

2019, by delivering to Mark Curtis Hendon II defendant, in person, a

true copy of this Citation together with the accompanying 1 copy(ies) of the Petition

attached thereto and I endorsed on said copy of the Citation the date of delivery.
To certify which I affix my hand officially this 23 day of November, 2019.

FEE: $ _____                          William Davis
                                         _____ of Montgomery County, Texas

_____ PSC 1769 Exp 1/31/21     By _____
     Affiant                                        Deputy

On this day, William Davis , known to me to be the person whose
signature appears on the foregoing return, personally appeared. After being by me duly sworn,
he/she stated that this citation was executed by him/her in the exact manner recited on the
return.

SWORN TO AND SUBSCRIBED BEFORE ME, on this 23 day of November, 2019.

                                         _____
                                         Notary Public

N.INT.CITR.P                *73697726*

PAMELA RENEE HALL
Notary Public, State of Texas
Comm. Expires 06-16-2021
Notary ID 125359841

12/4/2019 1:58 PM
Marilyn Burgess - District Clerk Harris County
Envelope No. 38965303
By: Lisa Thomas
Filed: 12/4/2019 1:58 PM

CAUSE NO. 201983256

| | |
|---|---|
| ROBERT SMITH, | IN THE DISTRICT COURT |
| Plaintiff, | |
| V. | 164TH JUDICIAL DISTRICT |
| ALLSTATE TEXAS LLOYD'S AND MARK CURTIS HENDON II, | |
| Defendant. | HARRIS COUNTY, TEXAS |

## DEFENDANTS' ORIGINAL ANSWER AND REQUEST FOR DISCLOSURE

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW ALLSTATE TEXAS LLOYD'S, Defendants in the above styled and numbered cause of action, and in response to the complaints filed against them, would respectfully show unto this Honorable Court and Jury as follows:

## I.  GENERAL DENIAL

Pursuant to Rule 92 of the Texas Rules of Civil Procedure, Defendant generally denies each and every, all and singular, the allegations contained within Plaintiff's Original Petition, and demand strict proof thereon by a preponderance of the credible evidence in accordance with the Constitution and laws of the State of Texas.

## II.  SPECIFIC DENIALS

In addition to any Notice required by the applicable insurance policy, Defendant denies that Plaintiff provided the pre-suit Notice required by Chapter 542A.003 of the Texas Insurance Code and Texas Business & Commerce Code § 17.505 (Texas Deceptive Trade Practices Act). Plaintiff's failure to provide the required notice under §542A.003 prior to the filing of this action constitutes a breach of that statute. Because Plaintiff's failed to give the notice required by §542A.003(b)(2) before filing this action, Plaintiffs are not entitled to recover attorneys' fees

Smith vs. Allstate, et al.
Defendants' Original Answer and Request for Disclosure
0555680123.1

Page **1** of **4**

incurred after the date this defense was pled.

Plaintiffs' claims are barred, in whole or in part, by policy exclusions and/or limitations which are listed in the policy made the basis of this suit. All or part of Plaintiff's claims are excluded by the applicable insurance policy.

Plaintiffs failed to allege conduct warranting imposition of exemplary or punitive damages under applicable state law. Defendant asserts the limitations and restrictions contained in Chapter 41 of the Texas Civil Practice and Remedies Code.

Defendant hereby gives notice that it intends to rely upon such other defenses as may become available or apparent during the course of discovery and thus reserves its right to amend this answer.

## III.  REQUEST FOR DISCLOSURE

Pursuant to Texas Rules of Civil Procedure, Defendant requests that Plaintiff disclose within thirty days of service of this request, the information and material described in Rule 194.2(a) through (l). If this case was filed as an Expedited Action under TRCP 47(c)(1) and/or TRCP 190.2, Defendant further requests disclosure of any and all documents, electronic information, and tangible items that you have in your possession, custody or control and which may be used to support your claims or defenses.

## IV.  JURY DEMAND

Defendant formally requests a jury trial pursuant to Rule 216 of the Texas Rules of Civil Procedure and tenders the jury fee.

## V.  DESIGNATED E-SERVICE EMAIL ADDRESS

The following is the undersigned attorney's designation of electronic service email address for all electronically served documents and notices, filed and unfiled, pursuant to Tex.R.Civ.P. 21(f)(2) & 21(a). (HoustonLegal@allstate.com). This is the undersigned's ONLY electronic

Smith vs. Allstate, et al.                                                                                                          Page **2** of **4**
Defendants' Original Answer and Request for Disclosure
0555680123.1

service email address, and service through any other email address will be considered invalid.

## VI. PRAYER

WHEREFORE, PREMISES CONSIDERED, Defendants, ALLSTATE TEXAS LLOYD'S, prays that the Plaintiff recover nothing of and from the Defendants by reason of this suit, that Defendants be discharged without delay, with costs of court, and for such other and further relief, both general and special, at law and in equity, to which Defendants may show itself justly entitled, and for which Defendants will in duty bound, forever pray.

Respectfully submitted,

SUSAN L. FLORENCE & ASSOCIATES

**MICHAEL MAUS**
TBN: 24008803
811 Louisiana St Ste 2400
Houston, TX  77002-1401
HoustonLegal@allstate.com
(713) 336-2842
(877) 684-4165 (fax)

ATTORNEY FOR DEFENDANT
ALLSTATE TEXAS LLOYD'S

Smith vs. Allstate, et al.
Defendants' Original Answer and Request for Disclosure
0555680123.1
Page **3** of **4**

## <u>CERTIFICATE OF SERVICE</u>

Pursuant to Rules 21. and 21a. of the Texas Rules of Civil Procedure, I hereby certify that the

original of Defendants' Original Answer has been filed with the clerk of the court in writing, and a true and

correct copy of Defendants' Original Answer has been delivered to all interested parties on the 4th day of

December, 2019, to:

Chad T. Wilson
Amanda J. Fulton
CHAD T WILSON LAW FIRM PLLC
455 East Medical Center Blvd., Suite 555
Webster, Texas 77598
eservice@cwilsonlaw.com

ATTORNEYS FOR PLAINTIFF          *VIA E-SERVE*

**MICHAEL MAUS**

Unofficial Copy Office of Marilyn Burgess District Clerk

Smith vs. Allstate, et al.                                                                    Page **4** of **4**
Defendants' Original Answer and Request for Disclosure
0555680123.1